Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtor

# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re: | Case No. 25-44348-MXM-13 |
| Steron Brown, | Chapter 13 |
| Debtor. | |

### DEBTOR'S RESPONSE TO TRUSTEE'S
### AMENDED OBJECTION TO CONFIRMATION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Steron Brown (the "Debtor"), by and through undersigned counsel, files this Response to

the Trustee's Amended Objection to Confirmation (the "Objection") and respectfully shows:

### I. INTRODUCTION

1.      The Trustee's Amended Objection presents a narrow legal question regarding the

interpretation of 11 U.S.C. §§ 1325(b) and 707(b)(2): whether the Local Standards vehicle

ownership allowance is "applicable" where the Debtor incurs ongoing payments to a lender

secured by a motor vehicle. The Trustee contends that the allowance should be disallowed

because the underlying obligation is not a traditional purchase-money vehicle loan. Nothing in

the statutory text imposes such a limitation.

2.      Because the Bankruptcy Code incorporates the Local Standards as statutory expense

allowances, and because the Debtor incurs an ownership-type expense within the meaning of

controlling authority, the Trustee's recalculation of disposable income is incorrect and

confirmation should not be denied on this basis.

## II. FACTUAL BACKGROUND

3.	The Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on November 6, 2025. The Debtor's income exceeds the applicable median for a household of his size, and he is therefore subject to the means-test provisions governing above-median debtors.

4.	The Debtor owns a 2012 Nissan Altima that is encumbered by a prepetition title loan in favor of TitleMax of Texas, Inc., secured by a lien on the vehicle's certificate of title (Claim No. 1, filed November 7, 2025). This vehicle is the Debtor's sole means of transportation and is necessary for his daily living needs.

5.	As of the petition date, the secured claim totaled approximately $3,038.65, with no unsecured portion.

6.	The vehicle securing the loan has a value of approximately $8,400, leaving substantial equity in the collateral.

7.	The loan bears a fixed annual interest rate of approximately 242.88% and requires ongoing payments to avoid default and repossession.

**8.**	Because the Debtor must continue making payments secured by the vehicle to retain possession and use of it during the Chapter 13 plan, the obligation constitutes an ownership-type expense within the meaning of § 707(b)(2)(A)(ii)(I) and Ransom.

## III. LEGAL STANDARD

9.	Where a chapter 13 trustee objects to confirmation, the plan must provide that all of the debtor's projected disposable income be applied to payments under the plan. 11 U.S.C. § 1325(b)(1)(B). For above-median debtors, disposable income is determined using the means test of § 707(b)(2). *See* 11 U.S.C. § 1325(b)(3).

10.     Section 707(b)(2)(A)(ii)(I) provides that the debtor's monthly expenses "shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards." The statute therefore incorporates standardized expense amounts into the disposable-income calculation.

11.     Section 707(b)(2)(A)(ii) and (iii) authorize separate deductions. Clause (ii) incorporates standardized Local Standards allowances, while clause (iii) permits deduction of payments on secured debts. The statute does not collapse these categories or condition one upon the other. Each clause functions as a stand-alone deduction under the statutory formula.

## IV. THE LOCAL STANDARDS OPERATE AS STATUTORY ALLOWANCES

12.     This Court has already explained that the Local Standards function as statutory allowances once they are determined to be applicable to a debtor's circumstances.[1] The Bankruptcy Code incorporates the standardized expense tables themselves; interpretive IRS guidance may inform analysis but cannot override the statutory language.[2]

13.     The Local Standards category is labeled "Ownership Costs" and does not restrict its scope to acquisition financing. The Bankruptcy Code incorporates the table, not an acquisition-purpose requirement.

14.     The Trustee's Objection effectively asks the Court to impose an additional limitation—that the vehicle debt must be purchase-money in nature—that appears nowhere in § 707(b)(2)(A)(ii)(I). Because courts must begin with the text of the statute, and may not graft extra-statutory restrictions onto the Local Standards, the ownership allowance cannot be denied on that basis alone.

---

[1] *In re Anderson,* 604 B.R. 717 (Bankr. N.D. Tex. 2019).
[2] *Id.* at 722-23.

**V. UNDER *RANSOM*, THE OWNERSHIP ALLOWANCE IS APPLICABLE WHERE THE DEBTOR INCURS AN OWNERSHIP-TYPE EXPENSE**

15. The United States Supreme Court has held that a Local Standards deduction is "applicable" when the debtor incurs an expense corresponding to the category addressed by the table.[3] The inquiry is therefore functional: whether the debtor has an ownership-type expense during the life of the plan.

16. The relevant inquiry under *Ransom* is not the purpose of the loan proceeds, but whether the debtor must make payments secured by the vehicle to retain possession and use of it during the life of the plan.

17. Here, the Debtor makes ongoing payments secured by a motor vehicle and must continue those payments to retain possession and use of the vehicle. Unlike the debtor in *Ransom*, who owned a vehicle free and clear of any loan or lease, the Debtor incurs a continuing ownership-related obligation. Accordingly, the Local Standards ownership allowance is applicable under the framework articulated by the Supreme Court.

**VI. THE STATUTE DOES NOT IMPOSE A PURCHASE-MONEY LIMITATION**

18. Section 707(b)(2)(A)(ii)(I) does not distinguish between purchase-money and non-purchase-money vehicle obligations. Instead, it directs that a debtor's monthly expenses "shall be" the applicable amounts specified under the National and Local Standards. Nothing in the statutory text conditions applicability on the origin or purpose of the underlying debt.

19. The Trustee may rely on *In re Litton*, 655 B.R. 101 (Bankr. W.D. La. 2023), which concluded that the ownership allowance applies only when the debtor incurs expenses associated with acquiring use of a vehicle through a lease or purchase-money loan. Respectfully, that limitation appears nowhere in § 707(b)(2)(A)(ii)(I). The statute incorporates standardized

---

[3] *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61 (2011).

expense amounts, not acquisition-based criteria. To the extent *Litton* relies on IRS collection guidance to narrow the ownership category, this Court has recognized that interpretive IRS materials cannot override or restrict the statutory allowances Congress incorporated into the Bankruptcy Code.[4]

20.     When Congress intends to limit a provision to purchase-money obligations, it does so expressly.[5] Section 707(b)(2)(A)(ii)(I) contains no such limitation, and courts are not free to engraft one onto the statute.

21.     Persuasive authority from multiple jurisdictions reaches the opposite conclusion of *In re Litton*, holding that the vehicle ownership allowance applies where a debtor must make payments on a non-purchase-money obligation secured by the vehicle, including title loans and pawn transactions.[6]

22.     Imposing a purchase-money requirement would improperly narrow the Local Standards and conflict with the textual approach mandated by the Bankruptcy Code and controlling precedent. Courts applying the means test must enforce the statute as written, not as reshaped by policy concerns or IRS collection practices.

23.     Because the Debtor incurs ongoing payments secured by the vehicle and must continue those payments to retain possession and use of it during the plan, the ownership allowance is applicable regardless of whether the obligation arose from the original purchase, a refinance, or a title-based loan.

---

[4] *See In re Anderson*, 604 B.R. 717, 722–23 (Bankr. N.D. Tex. 2019).

[5] See, e.g., the hanging paragraph following 11 U.S.C. § 1325(a)(9) (referring expressly to a "purchase money security interest securing the debt") and 11 U.S.C. § 522(f)(1)(B) (permitting avoidance of certain "nonpossessory, nonpurchase-money security interest[s]"). Section 707(b)(2)(A)(ii)(I), by contrast, contains no purchase money limitation.

[6] *See, e.g., In re Lopez*, 574 B.R. 159 (Bankr. E.D. Cal. 2017); *In re Feagan*, 549 B.R. 811 (Bankr. N.D. Ga. 2016); *In re Brunck*, 2016 Bankr. LEXIS 590 (Bankr. S.D. Ind. Feb. 24, 2016).

## VII. CONCLUSION

24.      The Trustee's Objection rests on a limitation not found in the statutory text governing

disposable income. The Debtor incurs an ownership-type expense corresponding to the Local

Standards vehicle ownership category, and therefore the allowance is applicable under §

707(b)(2)(A)(ii)(I).

WHEREFORE, the Debtor respectfully requests that the Court overrule the Trustee's

Amended Objection to Confirmation and confirm the Debtor's Chapter 13 Plan, together with

such other and further relief to which the Debtor may be justly entitled.

Respectfully submitted:

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817)704-3984
Counsel for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, a true and correct copy of the above document
shall be served electronically on the Chapter 13 Trustee and all parties entitled to electronic
notice.

 /s/ Clayton L. Everett
Clayton L. Everett