**Fill in this information to identify the case:**

Debtor 1    STERON  BROWN

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Northern District of Texas

Case number    25-44348

EXHIBIT F

## Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

TITLEMAX OF TEXAS, INC.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    TITLEMAX

**2. Has this claim been acquired from someone else?**

■ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

TITLEMAX OF TEXAS, INC.
Name

2312        E Trinity Mills Rd, Ste 100
Number        Street

Carrollton        TX        75006
City        State        ZIP Code

Contact phone    912-503-2810

Contact email    bkintake@ccfi.com

**Where should payments to the creditor be sent? (if different)**

TITLEMAX OF TEXAS, INC.
Name

PO Box 931789
Number        Street

Atlanta        GA        31193-1798
City        State        ZIP Code

Contact phone    912-503-2810

Contact email    bkintake@ccfi.com

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

■ No
☐ Yes.  Claim number on court claims registry (if known) _____  Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

■ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 5891 ___ ___ ___

**7. How much is the claim?**

$3,038.65 . **Does this amount include interest or other charges?**

☐ No
■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Title Loan

**9. Is all or part of the claim secured?**

☐ No
■ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
■ Motor vehicle
☐ Other. Describe:    2012    Nissan    Altima    1N4BL2EPXCC154175

**Basis for perfection:**    Statutory Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $8,400.00

**Amount of the claim that is secured:**    $3,038.65

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) 242.88 %
■ Fixed
☐ Variable

**10. Is this claim based on a lease?**

■ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

■ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/07/2025
                   MM / DD / YYYY

/s/    Juanita Bonaparte
       Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Juanita Bonaparte | | |
|---|---|---|---|
| | First name | Middle name | Last name |

Title _____

Company   TITLEMAX OF TEXAS, INC.
Identify the corporate servicer as the company if the authorized agent is a servicer.

| Address | 2312 | E Trinity Mills Rd, Ste 100 |
|---|---|---|
| | Number | Street |

| | Carrollton | TX | 75006 |
|---|---|---|---|
| | City | State | ZIP Code |

Contact phone   912-503-2810          Email   bkintake@ccfi.com

---

**Itemized Statement of Interest and Additional Charges**

**Name of Debtor:** STERON  BROWN

**Name of Creditor:** TITLEMAX OF TEXAS, INC.

**Case Number:** 25-44348

**Account Number:** ***-**-5891

**Principal:** $2,533.00

**Interest:** $505.65

**Charges:** $0.00

**Balance:** $3,038.65

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.



006401 - 007187

FIRST STAR FINANCIAL, LLC
121 W DEBBIE LN, SUITE 117
MANSFIELD, TX 76063

0
0
8
7
6
5

▼ DETACH HERE ▼

---

# TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

18541 9204

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1N4BL2EPXCC154175 | 2012 | NISS | CP |

| | | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|---|
| | | | 22044145886125811 | 08/27/2025 |

| MODEL | WEIGHT | LICENSE NUMBER | | ODOMETER READING |
|---|---|---|---|---|
| ATR | 3300 | TXX9361 | | 182492 |

PREVIOUS OWNER
RANDY HILEY MAZDA-VOLKSW ARLINGTON TX

OWNER
STERON BROWN
2613 PARKHURST LN
VENUS, TX 76084

REMARK(S)
ACTUAL MILEAGE

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN — 1ST LIENHOLDER
08/08/2025 FIRST STAR FINANCIAL, LLC
121 W DEBBIE LN, SUITE 117
MANSFIELD, TX 76063

1ST LIEN RELEASED _____ DATE _____
BY _____
AUTHORIZED AGENT

DATE OF LIEN — 2ND LIENHOLDER
08/08/2025 TITLEMAX OF TEXAS INC
121 W DEBBIE LN, SUITE 117
MANSFIELD, TX 76063

2ND LIEN RELEASED _____ DATE _____
BY _____
AUTHORIZED AGENT

DATE OF LIEN — 3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE _____
BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON NAMED IN THIS TITLE IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR.

SIGNATURE _____ DATE _____

SIGNATURE _____ DATE _____

FORM 30-C REV. 8/2024          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

## CREDIT SERVICES CONTRACT AND SECURITY AGREEMENT

**THIS AGREEMENT CONTAINS A WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE (THE "CLAUSE"). UNLESS I OPT OUT OF THE CLAUSE, IT WILL SUBSTANTIALLY IMPACT MY RIGHTS IF I HAVE A DISPUTE WITH CSO, INCLUDING MY RIGHT TO TAKE PART IN A CLASS ACTION.**

| CSO: <br><br> 121 W. Debbie Lane Suite 117 <br> Mansfield, TX 76063 <br> 817-203-1269 | **Contract Date:** 10/08/2025 <br><br> **Contract Number:** |
|---|---|
| **Consumer:** <br> STERON  BROWN <br> 2613 Parkhurst Ln <br> Venus, TX 76084 <br> (817)-863-6228 | **Co-Consumer:** <br> N/A <br><br><br><br> N/A |
| **Motor Vehicle Description:** <br> 2012   Nissan              Altima <br> **Motor Vehicle ID Number:** <br> 1N4BL2EPXCC154175 | **Lender:** <br> FIRST STAR FINANCIAL, LLC <br> PO Box 997 <br> Hilliard, OH 43026 |

**AN ADVANCE OF MONEY OBTAINED THROUGH A PAYDAY LOAN OR AUTO TITLE LOAN IS NOT INTENDED TO MEET LONG-TERM FINANCIAL NEEDS.  A PAYDAY LOAN OR AUTO TITLE LOAN SHOULD ONLY BE USED TO MEET IMMEDIATE SHORT-TERM CASH NEEDS.  REFINANCING THE LOAN RATHER THAN PAYING THE DEBT IN FULL WHEN DUE WILL REQUIRE THE PAYMENT OF ADDITIONAL CHARGES.**

"*Contract*" means this Credit Services Contract and Security Agreement.  "*Consumer*", "*I*", "*me,*" and "*my*" mean each Consumer and Co-Consumer who signs this Contract.  "*CSO*" means the CSO identified above, with a principal place of business of  2312 E Trinity Mills Rd Carrollton, TX 75006   . "*Lender*" means the Lender identified above.

1.      **About CSO:**  CSO is a credit services organization registered with the Texas Secretary of State and a credit access business licensed and examined by the State of Texas Office of Consumer Credit Commissioner.  Call the Consumer Credit Hotline or write for credit information or assistance with credit problems:  Office of Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207, (800) 538-1579, www.occc.texas.gov, consumer.complaints@occc.texas.gov.  CSO's agent in Texas authorized to receive service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

2.      **CSO Services:**  CSO is not a lender.  For the fee specified below, CSO agrees to provide the following services to Consumer (the "*CSO Services*"):  (a) arranging for me a single-payment loan from Lender with an annual interest rate not to exceed 9.95% (the "*Loan*");(b) helping me complete the paperwork (including the credit application) needed to get the Loan from Lender; and (c) providing to Lender in respect of the Loan from Lender a letter of credit, guaranty, or other credit enhancement satisfactory to Lender that backs my repayment of the Loan (with any such letter of credit, guaranty, or other credit enhancement being referred to as the "*Letter of Credit*").  To get the Loan from Lender, I must enter into a separate Loan Agreement, Promissory Note and Security Agreement (the "*Note*") with Lender.  As a condition to getting CSO Services from CSO and the Loan from Lender, I must grant to CSO and Lender a lien on my unencumbered motor vehicle (as further described in Section 12 below).  The CSO Services that CSO provides to me are complete on the date on which I sign the Note with Lender.

3.      **Fee for CSO Services:**  I agree to pay to CSO for its CSO services a fee in the amount of    $481.01    (the "*CSO Fee*").  The CSO Fee is due and payable to CSO on the date of the Loan that CSO helps me get from Lender.  I will not owe the CSO Fee to CSO if (a) the Lender denies my credit application, (b) I do not take the Loan from Lender, or (c) I cancel this Contract as described in the Notice of Cancellation Right and the attached Notice of Cancellation forms below. No charge or receipt by CSO is intended to exceed lawful amounts. If an unlawful excess occurs, CSO will apply it as a credit or otherwise refund it, and the rate or amount involved will automatically be reduced to the maximum lawful rate or amount. To the extent permitted by law, for purposes of determining CSO's compliance with the law, CSO may calculate charges by amortizing, prorating, allocating and spreading. The CSO Fee I agree to pay to CSO, though required to be treated as finance charge for purposes of federal law disclosures, is for a separate service and is not interest under Texas law. My payment and other obligations to CSO are separate and distinct from my obligations to Lender. The CSO Fee payment I must make to CSO is not a loan payment owed to Lender. Lender receives no portion of the CSO Fee.

4.      **The Loan:**  The principal amount of the loan will be $ 3,014.01       , which includes the amount of the CSO Fee payable to CSO.  When Lender funds the Loan, Lender will pay to CSO that portion of the Loan proceeds that represents the CSO Fee.  Interest will accrue on the principal amount of the Loan (including the portion that includes the CSO Fee) as provided in the Note.  For a loan of $ 3,014.01       due on  11/07/2025   with an annual interest rate of 9.95% per annum, if I pay the Loan in full on the due date, the total of payments for the Loan will be   $3,038.65   ,

including    $24.64    of interest payable to Lender, the lien filing fee, if any, and the CSO Fee payable to CSO, which is required to be disclosed as a finance charge by federal law.

5.    **My Reimbursement Obligation to CSO:**  I have asked CSO to issue the Letter of Credit to Lender that backs my repayment of the Loan, and CSO is issuing the Letter of Credit as part of the CSO Services it provides to me.  In the event that CSO is obligated to pay Lender any amount under the Letter of Credit for any reason, I promise to reimburse CSO for all such amounts that CSO pays to Lender thereunder.  I agree that interest will accrue on the unreimbursed portion of principal for which CSO pays Lender under the Letter of Credit at the rate of 9.95% per annum (subject to applicable limits).

6.    **Loan Funding and Repayment:**  CSO will assist Lender in disbursing the Loan proceeds to me.  As a convenience to the Lender and me, CSO will accept payments on the Loan at CSO's store location shown above or at such other place as CSO or Lender may specify in writing.  Payments may be made by cash, certified check, money order or other method acceptable to CSO and Lender.  I understand that a personal check is not an acceptable form of payment.  Any payments I make to Lender in care of CSO are binding upon Lender.

7.    **Covered Borrower Representation:**  I represent that the information in my most recent credit application is up-to-date, true, correct, and complete, including, without limitation, my representation that I AM NOT a regular or reserve member of the Army, Navy, Marine Corps, Air Force, Coast Guard, or Space Force, serving on active duty under a call or order that does not specify a period of 30 days or fewer (or a dependent of such a member).  I understand that CSO and Lender are relying upon that information.

8.    **Privacy Policies and Texas Finance Code Chapter 393 Disclosures:**  I acknowledge receipt of (a) CSO's Interest and Fee Schedule, describing CSO's fees and all available loan amounts, interest and related fee, (b) separate loan examples from CSO on the Texas OCCC Auto Title Loan – Single Payment form, (c) CSO's Privacy Policy, (d) Lender's Privacy Policy, and (e) a separate Credit Services Disclosure Statement (which is incorporated herein by reference).  I also acknowledge that:

- There is no penalty for prepaying the CSO Fee or any amount owing under the Loan;

- A credit access business must comply with Texas Finance Code Chapter 392 and the federal Fair Debt Collection Practices Act (15 U.S.C. Section 1692 et seq.) with respect to an extension of consumer credit described by Texas Finance Code Section 393.602(a);

- A person may not threaten or pursue criminal charges against a consumer related to a check or other debit authorization provided by the consumer as security for a transaction in the absence of forgery, fraud, theft, or other criminal conduct; and

- A credit access business must comply, to the extent applicable, with 10 U.S.C. Section 987 and any regulations adopted under that law with respect to an extension of consumer credit described by Texas Finance Code Section 393.602(a).

9.    **Cancellation of Loan:**  If I exercise my right to cancel this Contract, then I may also choose to cancel the Loan.  To cancel the Loan, I must return all of the Loan proceeds to CSO within three (3) days after the date of the Note, and CSO will remit such amounts to Lender on my behalf.  If I timely cancel this Contract and the Loan and return all of the Loan Proceeds, I will not owe any amounts to CSO or Lender.  If my Loan had any lien filing fee(s), then Lender will return to me any lien filing fees paid to the state or county government to secure the lien on the Collateral.

10.    **Renewal of Loan:**  I may request that CSO assist me in obtaining a renewal of my Loan from Lender.  In order to request assistance with renewing my Loan, I must visit the CSO store from which I obtained CSO Services and request a renewal before the close of business on the Payment Due Date.  I understand that if CSO agrees to assist me in obtaining a renewal of my Loan from Lender, I must enter into a new Contract with CSO, pay an additional fee to CSO for its services provided to me in connection with renewing my Loan, pay a specified amount to Lender as a condition to renewal and, subject to Lender's approval, enter into a new Note with Lender.  Any renewal is at Lender's discretion.  If I do not meet all of the conditions for obtaining a renewal on or before the Payment Due Date, then this Contract and the Loan from Lender will remain in full force and effect in accordance with their respective terms.

11.    **Co-Owner Obligations; Co-Consumer Obligations:**

a.    **Co-owner Obligations:** As a condition to CSO providing CSO Services to me, any co-owner of the Vehicle who is not a Consumer under this Contract must sign a separate Co-Owner Consent, Grant of Security Interest, and Waiver of Jury Trial and Arbitration Agreement to grant to CSO a security interest in the Vehicle.  Any co-owner who is not a Consumer under this Contract shall not be personally obligated to satisfy Consumer's obligations hereunder.

b.    **Co-Consumer Obligations:**  If this Contract is signed by more than one Consumer, each Consumer agrees to be liable to CSO jointly, and each Consumer will also be liable to CSO individually, for paying the CSO Fee and performing other obligations under this Contract.  CSO may require that any Consumer pay all amounts owing under this Contract without asking anyone else to pay.  CSO may sue any Consumer without giving up any of its rights against any other Consumer.  This Contract is binding upon each Consumer's heirs and personal representatives in probate and upon anyone to whom any Consumer assigns his assets or who succeeds to him or her in any other way.

12. **Collateral; Security Agreement:** To secure this Contract and my obligations to CSO hereunder, I grant to CSO a security interest in the Collateral. "*Collateral*" means the Vehicle and all Vehicle improvements, attachments, insurance proceeds and refunds and sale proceeds. I am a rightful owner of the Collateral. I have identified in my application all other owners of the Collateral. The Collateral is not stolen. The Collateral has no liens other than the lien I have granted to Lender under the Note. CSO may file any documents and take any actions to ensure CSO's security interest in the Collateral. If CSO asks, I will sign other documents and take other actions to support CSO's security interest. Lender's security interest in the Collateral shall have priority over CSO's security interest, but if Lender is paid in full by CSO, Lender's security interest shall terminate and CSO's security interest thereafter shall have priority.

13. **Promises About the Collateral:** At all times while I owe any amount under this Contract:

    a. I will keep the Vehicle in good condition and repair.

    b. I will pay all taxes and charges on the Vehicle.

    c. I will not abuse the Vehicle.

    d. I will not allow damage, destruction, theft, loss or impound of the Vehicle.

    e. I will tell CSO immediately if the Vehicle is damaged, destroyed, stolen, lost or impounded.

    f. I will not use the Vehicle for illegal or business purposes.

    g. I will let CSO inspect the Vehicle from time to time.

    h. I will not sell or transfer any interest in the Collateral.

    i. I will not remove the Vehicle from the U.S. without CSO's written permission.

    j. I will not permanently remove the Vehicle from my home state without CSO's written permission.

    k. I will tell CSO immediately if I move or change my telephone number.

    l. I will not get or try to get another title to the Vehicle.

    m. I will not allow any other liens on the Vehicle.

14. **Risk of Loss:** I am liable for Vehicle damage and loss. I hold CSO harmless for all claims and costs arising from my using the Vehicle. This includes all judgments, attorneys' fees, court costs and expenses.

15. **Events of Default:** I will be in default under this Contract if:

    a. I fail to make any payment owed to CSO when due.

    b. I fail to satisfy any other promise or agreement with CSO.

    c. I make any untrue statement to CSO or any statement I made becomes untrue.

    d. I start any federal or state bankruptcy proceeding, or someone starts a proceeding against me.

    e. The security interest in the Vehicle is or becomes invalid or impaired.

    f. CSO's ability to realize on the Collateral is or becomes impaired.

16. **CSO's Rights After Default:** CSO's rights after default are cumulative. If I default, CSO may make me immediately pay the full outstanding amount of this Contract, including accrued charges and, if applicable, interest. Upon default CSO may repossess the Vehicle with or without judicial process. I may turn over the Vehicle to CSO any time after default. In exercising its rights, CSO must always act lawfully and may not breach the peace. I agree to pay CSO reasonable court costs and attorneys' fees.

17. **Authorization to Collect Debt Upon Default.** If I am in default, and subject to any cure rights I may have, I authorize CSO to initiate a one-time payment for all amounts I owe under this Contract. If I am in default and I have provided Lender or CSO with a payment method on my account, I authorize CSO to charge, submit, and collect all amounts due to Lender or CSO by charging or debiting such payment method. In the event the payment is unsuccessful due to insufficient funds or any other reason, I authorize CSO to seek that payment up to two more times (or any greater number of times periodically, if the payment method is a debit card). My authorization to electronically charge my payment method will remain in effect until I terminate it by giving written notice at 2312 E Trinity Mills Rd Carrollton, TX 75006 and CSO has had a reasonable opportunity to act on my notice.

18. **Vehicle Repossession:** If CSO repossesses the Vehicle, the following applies:

    a *Notice.* CSO will send notice at least 15 days before selling the Vehicle. The notice will tell me how to buy back the Vehicle. To buy back the Vehicle, I must pay all I owe under this Contract.

    b. *Vehicle Buy Back.* I may buy back the Vehicle at any time before CSO sells it. If I do not buy it back before CSO sells it, I lose all rights in the Collateral.

    c. *Sale.* If I do not buy back the Vehicle, CSO will sell the Vehicle. CSO will use the sale proceeds first to pay the costs listed in Section 18(e) and then to pay what else I owe under this Contract.

    d. *Surplus or Deficiency.* If there is money left, CSO will pay it to me. If there is not enough money to pay what I owe, CSO may require me to pay what is still owed.

    e. *Costs.* I agree to pay CSO reasonable costs to take, store, prepare for sale and sell the Vehicle.

19.    **LOUISIANA CONFESSION OF JUDGMENT.** In the event that Borrower is domiciled in, or Collateral is located in, the State of Louisiana, and to the extent of such domicile or location where Louisiana law is applicable to this Agreement:

A.    Borrower hereby CONFESSES JUDGMENT, up to the full amount of principal, interest, CSO fees, other fees, and attorney's fees and for any sums that (i) Lender may advance during the term of its Lender Loan Agreement for the payment of premiums of insurance, taxes and assessments or for the protection and preservation of this Agreement and the Collateral, as authorized elsewhere in the Lender Loan Agreement, and (ii) any amounts owed to CSO for services rendered under this Contract and any amounts owed to CSO pursuant to its Credit Enhancement, and does by these presents, consent, agree and stipulate that, in the event of any payment of principal, interest or fees due hereunder not being promptly and fully paid when the same becomes due and payable, or in the event of failure to comply with any of the obligations set forth herein, the total amount owed under the Lender Loan Agreement or this Contract shall, at the option of Lender or CSO become due and payable, and it shall be lawful for Lender or CSO, without making a demand and without notice or putting in default, the same being hereby expressly waived, to cause all and singular the Collateral herein secured to be seized and sold by executory process issued by any competent court or to proceed with enforcement of its security interest in any other manner provided by law; and

B.    Borrower hereby expressly waives: (a) the benefit of appraisement, as provided in Articles 2332, 2336, 2723, and 2724, Louisiana Code of Civil Procedure, and all other laws conferring the same; (b) the demand and three days delay according by Article 2721, Louisiana Code of Civil Procedure, and all other laws conferring the same; (c) the notice of seizure required by Articles 2293 and 2721, Louisiana Code of Civil Procedure, and all other laws conferring the same; (d) the three days delay provided by Articles 2331 and 2722, Louisiana Code of Civil Procedure, and all other laws conferring the same; and (e) the benefit of the other provisions of Articles 2331, 2722 and 2723, Louisiana Code of Civil Procedure, and all other Articles not specifically mentioned above; and Borrower expressly agrees to the immediate seizure of the Collateral in the event of suit thereon.

20.    **Waivers:** If CSO delays or does not enforce it rights every time, CSO can still do so later. I waive presentment, demand for payment, notice of intent to accelerate, notice of acceleration, protest, and notice of dishonor. CSO need not sue, arbitrate or show diligence in collecting against me or others. CSO need not go against the Vehicle. CSO may sue or arbitrate with a person without joining or suing others. CSO may release or modify a person's liability without changing other persons' liability.

21.    **Communications: Send *all* communications to CSO to**

**TITLEMAX OF TEXAS, INC. D/B/A TITLEMAX**    , Customer Service, 2312 E Trinity Mills Rd Carrollton, TX 75006 (the "*Notice Address*"). Send all notices to me to my address above or any other address I give to CSO in writing (the "*Consumer Address*").

22.    **Notice and Cure:** Before suing or starting arbitration about (i) Consumer's credit application, (ii) this Contract, (iii) or the Vehicle, each party agrees to do all of the following:

a.    The party filing the dispute (the "*Claimant*") must tell all other parties (the "*Defending Party*") of the dispute (the "*Dispute Notice*"). Each Dispute Notice must describe the nature of the claim and relief requested. Each Dispute Notice must be written and, except for CSO collections letters, must give at least 30 days to solve the dispute.

b.    Claimant must mail Dispute Notices to the Notice Address for CSO and the Consumer Address for Consumer. Dispute Notices to CSO must include the Contract Number and Consumer's mailing address and phone number.

c.    If Defending Party asks for more information about the dispute, Claimant must give it.

23.    **Reporting to Credit Bureaus:** CSO may report information about my account to credit bureaus. My credit report may reflect late payments, missed payments or other defaults on my account.

24.    **Important Information About Opening Accounts:** To help fight terrorism and money laundering, CSO must identify each person who opens an account. I must give CSO my name, address, date of birth and other requested information and documents, such as my driver's license.

25.    **Telephone Recording:** CSO may monitor and record any phone conversation CSO and I have.

26.    **Severability:** Invalid terms hereof will be changed to comply with law. Such change will not affect any other term hereof. If a class action suit or class-wide arbitration is allowed, either party may require that a judge (with no jury) hear the dispute. Such judge will apply relevant court rules and procedures.

27.    **Successors and Assigns:** This Contract binds my heirs, successors and assigns and CSO's successors and assigns. CSO may assign all of its rights hereunder; after any such assignment, this Contract will remain in full force and effect in accordance with its terms. I may not assign my rights hereunder without CSO's written consent.

28.    **Governing Law:** This Contract and the CSO Services involve interstate commerce.  Texas law governs this Contract, but the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause in Section 30.

29.    **WAIVER OF RIGHT TO TRIAL BY JURY:  TRIAL BY JURY IS A CONSTITUTIONAL RIGHT.  UNDER CERTAIN CONDITIONS THE LAW ALLOWS PARTIES TO WAIVE THIS RIGHT. CSO AND I KNOWINGLY AND FREELY WAIVE ALL RIGHTS TO A JURY TRIAL FOR ANY SUIT RELATED DIRECTLY OR INDIRECTLY TO ANY OF (A) THIS CONTRACT, (B) THE VEHICLE, OR (C) THE CSO SERVICES.  THIS JURY TRIAL WAIVER WILL NOT CHANGE ANY ARBITRATION CLAUSE TO WHICH CSO AND I AGREE.  SUCH CLAUSE HAS ITS OWN SEPARATE JURY TRIAL WAIVER.**

30.    **WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE: By signing below, CSO and I agree to this Waiver of Jury Trial and Arbitration Clause, including a waiver of class actions (the "*Clause*"). This Clause is in Q & A form so it is easier to understand. This Clause is a legally binding part of this Contract.**

| BACKGROUND AND SCOPE | | |
|---|---|---|
| **Question** | **Short Answer** | **Further Detail** |
| **What is a Dispute?** | **A disagreement** | In this Clause, "*Dispute*" has a broad meaning.  "*Dispute*" includes all claims and disagreements related to my application, this Contract, the Vehicle, the CSO Services, or my relationship with CSO. It includes claims and disagreements about any prior applications and agreements. It includes extensions, renewals, refinancings, and payment plans. It includes claims related to collections, privacy, and customer information.  It includes claims and disagreements that usually would be resolved in court.  "Dispute" also includes claims and disagreements I have with Related Parties. |
| **Who is a "Related Party"** | **Usually a person or company related to CSO** | "*Related Parties*" are CSO's affiliates.  They also are employees, directors, officers, shareholders, members, and representatives of CSO and its affiliates.  "Related Parties" also means any person or company involved in a Dispute I pursue while I pursue a Dispute with CSO (like a repossession company). |
| **What is arbitration?** | **An alternative to court** | In arbitration, a third party arbitrator ("*TPA*") solves Disputes in a hearing ("*hearing*"). It is less formal than a court case. |
| **Is it different from court and jury trials?** | **Yes** | The hearing is private. There is no jury. It is usually less formal, faster, and less costly than a lawsuit. Pre-hearing fact finding is limited. Appeals are limited. Courts rarely overturn arbitration awards. |
| **Is it confidential?** | **Yes, it can be** | CSO or I can ask that arbitration be confidential.  That means things people say, and documents and information disclosed as part of the arbitration, will be used only for the arbitration and will not be shared with anyone who is not part of the arbitration.  That also means that people involved in the arbitration may be asked to sign a separate confidentiality agreement.  Confidential information may be used to appeal or enforce an arbitration award. |
| **Can I opt-out of this Clause?** | **Yes, within 60 days** | If I do not want this Clause to apply, I have 60 days from the Loan Date to opt out.  To opt out, I must tell CSO by a writing I send to the Notice Address.  I must give my name, address, Contract number, and Contract Date and state that I "opt out" of this Clause.  I may not send my notice electronically. |
| **What is this Clause about?** | **The parties' agreement to arbitrate Disputes** | CSO and I agree that any party may arbitrate or demand arbitration of any Dispute unless I opt out or the law does not allow it. |
| **Who does the Clause cover?** | **CSO and me** | This Clause covers CSO and me.  This Clause also applies if have a Dispute with a Related Party related in some way to my application, this Contract, the Vehicle, the CSO Services, or my dealings with CSO.  Related Parties are not bound by this Clause.  I may not compel a Related Party to arbitration.  A Related Party may compel me to arbitrate Disputes covered by this Clause. |
| **What Disputes does the Clause cover?** | **Most Disputes that normally would go to court (except certain Disputes about this Clause)** | This Clause covers Disputes that involve CSO (or a Related Party) and me. **But, "Disputes" does not include disputes about the validity, coverage, or scope of this Clause or any part of this Clause. These are for a court to decide, not the TPA.** Also, this Clause does not cover any case I file to stop CSO from taking or selling the Vehicle. |
| **Who handles the arbitration?** | **A Third Party Arbitrator** | Arbitrations must be conducted under this Clause. The TPA will be one of the following:<br>• An individual, independent TPA the parties choose together; |

| | | • JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com; or |
|---|---|---|
| | | • Any other arbitration company the parties choose together. |
| | | **No arbitration may be held without CSO's consent by an arbitration company or TPA that would allow class arbitration under this Clause.** Unless CSO and I agree otherwise, the TPA must be a lawyer with 10+ years of experience or a retired judge. |
| **What rules apply to the arbitration?** | **Usually, the arbitration company rules** | If the parties use an arbitration company such as JAMS, that company's consumer arbitration rules will apply.  If the parties chose an individual TPA, then such TPA will follow the JAMS consumer arbitration rules, unless the parties mutually agree to an alternative.  In any case, the TPA will not apply any state or federal rules of civil procedure or evidence. Arbitration rules that conflict with this Clause do not apply. |
| **Can Disputes be brought to court?** | **Sometimes** | Either party may sue if the other party does not demand arbitration. CSO will not demand arbitration of any lawsuit I bring for myself in small claims court. But, CSO may demand arbitration of any appealed small claims decision or any small claims action brought as a class. |
| **Am I giving up any rights?** | **Yes** | For Disputes subject to this Clause, I give up my right to: <br> 1. **Have a jury decide Disputes.** <br> 2. **Have a court, other than a small claims court, decide Disputes.** <br> 3. **Serve as a private attorney general or in a representative capacity.** <br> 4. **Join a Dispute I have with a dispute by other consumers.** <br> 5. **Bring or be a class member in a class action or class arbitration.** <br> **CSO also waives its jury trial right and its right to have a court decide Disputes CSO starts.** |
| **Can I or anyone else start class arbitration?** | **No** | TPAs <u>may not</u> handle a class or representative Dispute. All Disputes under this Clause must be arbitrated or decided by individual small claims case. This Clause will be void if a court allows a TPA to decide a Dispute on a class basis and such ruling is not reversed on appeal. |
| **What law applies?** | **The Federal Arbitration Act ("FAA")** | The FAA governs this Clause. The TPA must apply law consistent with the FAA. The TPA must honor statutes of limitation and privilege rights. Constitutional standards that apply in court proceedings govern punitive damage awards. |
| **Will anything I do negate this Clause?** | **No, though I can opt out** | This Clause stays in force if I: (1) cancel this Contract; (2) default, renew, prepay or pay the Contract in full; or (3) go into bankruptcy.  I can opt out as described above. |

| PROCESS | | |
|---|---|---|
| **Question** | **Short Answer** | **Further Detail** |
| **What must be done before starting a lawsuit or arbitration?** | **Send a written Dispute Notice and work to resolve the Dispute** | Before starting a lawsuit or arbitration, Claimant must give a Dispute Notice as Section 22 above requires.  If I am the Claimant, I or my attorney must sign the Dispute Notice.  I must give the Contract Number and a contact number for me or my attorney. Collections letters from CSO are Dispute Notices. Each Dispute Notice (other than collections letters), must give at least 30 days to settle the dispute. |
| **How does arbitration start?** | **Following the rules of the arbitration company** | If the parties do not settle the Dispute within the 30-day period, Claimant may file a small claims case or start arbitration. To start arbitration, the Claimant picks the arbitration company. If one party sues or threatens to sue, the other party can demand arbitration. This demand can be made in court papers. It can be made if a party sues on an individual basis and then tries to pursue a class action. Once an arbitration demand is made, no suit can be brought and any current suit must stop. |
| **Will any hearing be held nearby?** | **Yes** | Any in-person hearing must be at a place convenient to me.  The TPA may decide that an in-person hearing is not needed.  A Dispute may be resolved in writing and by conference call. |

| What if I need an accommodation for a disability or due to language? | CSO shall work with me on accommodations | If I require assistance in a language other than English, or special services to accommodate a disability, CSO and I shall agree to proceed in a way that accommodates my needs. |
|---|---|---|
| What about appeals? | Very limited | The FAA limits appeal rights.  For Disputes over $50,000, any party may appeal the award to a panel of three TPAs.  The arbitration company or the parties choose the panel.  This panel will review anything appealed in the initial award. The panel's decision will be final, except for any FAA appeal right. Any suitable court may enter judgment upon the TPA panel's award. |

| ARBITRATION FEES AND AWARDS | | |
|---|---|---|
| **Question** | **Short Answer** | **Further Detail** |
| Who pays fees of arbitration? | Usually, CSO does | CSO will pay all filing, hearing and TPA fees if I act in good faith, I cannot get a fee waiver and I ask CSO to pay. |
| When will CSO cover my legal fees and costs? | If I win | If the TPA finds for me, CSO will pay my reasonable fees and costs for attorneys, experts, and witnesses. CSO also will pay these costs if the law or the TPA rules require or if required to enforce this Clause. Even if my Dispute is for a small amount, the TPA will not limit the award of such costs. |
| Will I ever owe CSO for fees? | If I act in bad faith | The TPA can make me pay CSO's arbitration, attorney, expert and witness fees if it finds that I have acted in bad faith (per the Federal Rules of Civil Procedure § 11(b) standard).  This power does not void this Clause. |
| Can a failure to resolve a Dispute informally mean a larger recovery for me? | Yes | If Consumer wins the arbitration, Consumer may be entitled to a minimum award of $7,500.  To get the minimum award, I first must comply with this Clause.  Secondly, the TPA must award money damages to me in an amount that is greater than the last amount I asked for in settlement, if I asked for such amount at least ten days before arbitration began.  The base award is separate from attorneys' fees and expenses, and expert witness costs which I may get.  The minimum award applies to *all* Disputes I raise or could raise. This Clause *does not allow* multiple awards of $7,500.  Settlement demands and offers are confidential. They may not be used in any way by either party except to support a minimum award. |
| Can an award be explained? | Yes | Within 14 days of the ruling, a party may ask the TPA to explain its ruling. Upon such request, the TPA will explain the ruling in writing. |

31.   **Consumer Representations:**  By signing this Contract:

    a.   I promise that all information I gave to CSO in my application is true, complete and correct.

    b.   I have read, understand and agree to this entire Contract, including the Waiver of Jury Trial and Arbitration Clause in Section 30.  I may opt out of arbitration as described in Section 30.  If I do not timely opt out of arbitration, my right to sue CSO is limited.

    c.   I have received an exact copy of this fully completed Contract.

    d.   I am 18 years of age or older.  I have full legal authority and capacity to sign this Contract.

    e.   I have received CSO's Privacy Policy.

    f.   I am a rightful owner of the Vehicle.

    g.   I am not a debtor in bankruptcy.  I do not intend to file a federal bankruptcy petition.

32.   **Entire Agreement:**  This Contract is the only agreement between CSO and Consumer for the CSO Services. CSO and Consumer have no oral agreements about the CSO Services.  CSO and Consumer may change this Contract only by a writing signed by all of the undersigned.

**NOTICE OF CANCELLATION RIGHT:** YOU, THE BUYER, MAY CANCEL THIS CONTRACT AT ANY TIME BEFORE MIDNIGHT OF THE THIRD DAY AFTER THE DATE OF THE TRANSACTION.  SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.

**CONSUMER:**
STERON  BROWN

By signing this Contract, CSO agrees to be bound by this Contract, including the Waiver of Jury Trial and Arbitration Clause.

| | |
|---|---|
| *STERON BROWN* | 10/08/2025 |
| eSign: W9917H4MZGGBG1VY | |
| Consumer Signature | Date |

**CSO:**

**CO-CONSUMER:**

By: _Bill Baker_
Duly Authorized

_____
Co-Consumer Signature          Date

THIS DOCUMENT HAS BEEN PLEDGED AS COLLATERAL AND MADE SUBJECT TO A SECURITY INTEREST IN FAVOR OF A SECURED PARTY TO SECURE CERTAIN INDEBTEDNESS OWED TO SUCH SECURED PARTY. ADDITIONAL INFORMATION WITH RESPECT TO SUCH PLEDGE AND SECURITY INTEREST IS ON FILE WITH THE OWNER OF THIS DOCUMENT.  THIS DOCUMENT IS NOT INTENDED TO BE A NEGOTIABLE INSTRUMENT.  ANY PURPORTED ASSIGNMENT, PLEDGE OR OTHER TRANSFER OF ANY BENEFICIAL INTEREST IN THIS DOCUMENT WITHOUT THE EXPRESS WRITTEN CONSENT OF THE SECURED PARTY REFERENCED ABOVE SHALL VIOLATE THE RIGHTS OF SUCH SECURED PARTY.