**PAM BASSEL STANDING CHAPTER 13 TRUSTEE**
Bar No. 01344800
860 Airport Freeway Suite 150
Hurst, Texas 76054
Phone (817) 916-4710

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN RE:                                                                          **CASE NO.: 25-44348-MXM-13**

**STERON BROWN
2613 PARKHURST LN
VENUS, TX 76084
JOHNSON-TX
SSN / ITIN: XXX-XX-5891
AKA STERON E BROWN**

**DEBTOR(S)**

### TRUSTEE'S BRIEF IN OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN

**I.       ISSUE**

Whether, when calculating disposable income, an above-median debtor is entitled to a full deduction for vehicle ownership cost on Line 13 of Form 122C-2 for a nonpurchase-money loan secured by a vehicle.

**II.      ARGUMENT**

The majority of cases which have analyzed the issue hold that above-median chapter 13 debtors are not entitled to deduct the IRS Local Standard for a vehicle ownership cost for a vehicle that is encumbered solely by a non-purchase money title loan.[1]  The reasoning of the cases disallowing the deduction is uniform.[2]

**A.  The Means Test and IRS Local Standards**

If a trustee or unsecured creditor objects to confirmation, the debtor must apply all projected disposable income to make payments to unsecured creditors.[3]   When calculating disposable income, a debtor may deduct amounts reasonably necessary to be expended for the maintenance and support of the debtor or a dependent of the debtor.[4]  For above-median debtors, reasonable and necessary expenses are determined by reference to the means test.[5]  § 707(b)(2)(A)(ii)(I) provides in pertinent part:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor.

The IRS Collection Financial Standards state, "The ownership costs provide maximum allowances for the lease or purchase of up to two automobiles if allowed as a necessary expense."[6]

---

[1] *In re Alexander*, 2012 WL 3156760 (Bankr. W.D. Mo. 2012) (holding the vehicle ownership expense refers solely to expenses related to the purchase or lease or lease of a vehicle); *In re King*, 497 B.R. 161 (Bankr. N.D. Ga. 2013)(holding title lien did not qualify for ownership expense deduction because not for purchase or lease of a vehicle); *In re Sires*, 511 B.R. 719 (Bankr. S.D. Ga. 2014)(holding debtor not entitled to deduction as ownership cost for non-purchase money loan secured by vehicle); *Feagan v. Townson (In re Feagan)*, 572 B.R. 785 (Bankr. N.D. Ga. 2016)(holding debtor could not deduct from projected disposable income the ownership cost for vehicle encumbered solely by nonpurchase-money security interest); *In re Traylor*, 595 B.R. 419 (Bankr. D. Utah 2019)(holding debtors cannot deduct from projected disposable income ownership costs allowances for vehicles encumbered solely by nonpurchase-money title loan); and *In re Carroll,* Case No. 12-41350-JDP, slip op., 4 (Bankr. D. Idaho April 15, 2013)(holding vehicle ownership deduction for costs of acquiring a vehicle, not expenses incurred by using vehicle as collateral for title loan); *but see In re Lopez*, 574 B.R. 159 (Bankr. E.D. Cal. 2017)(holding above-median debtor could claim vehicle ownership expense deduction when calculating disposable income even though debt secured by vehicle was refinance loan and not purchase-money loan) and *In re Brunck*, 2016 WL 770571 (Bankr. S.D. Ind. 2016).
[2] *See id.*
[3] 11 U.S.C. § 1325(b)(1)(B).
[4] § 1325(b)(2)(A).
[5] § 1325(b)(3) & § 707(b)(2).
[6] https://www.irs.gov/businesses/small-businesses-self-employed/collection-financial-standards (Nov. 20, 2019).

TRUSTEE'S BRIEF IN OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN

### B. *Ransom*

In *Ransom*, the debtor owned an unencumbered vehicle, but attempted to claim the IRS Local Standards' vehicle ownership cost under the means test.[7]  There, after examining the portion of § 707 quoted above, the Court defined "applicable" as appropriate, relevant, suitable, or fit.  The Court reasoned that to qualify for a deduction, the IRS Local Standards must be *applicable* to a debtor.[8]  And if a debtor will not have an ownership cost during the plan, an allowance to cover that cost is not reasonably necessary under the statute.[9]  The Court also turned to the IRS Standards to assist in its interpretation of what qualifies as an applicable vehicle ownership cost.[10] The IRS Standards explained that ownership costs represented nationwide figures for monthly lease or loan payments for the purchase of a vehicle and the numerical amounts listed were based on the five-year average of new and used car financing data.[11]  The Court held that because Ransom owned his vehicle free and clear of any encumbrances, he incurred no applicable ownership cost for the lease or purchase of a vehicle and therefore did not qualify for the deduction.[12]

### C. Title Loans Not Applicable Vehicle Ownership Costs

Courts disallowing the deduction reason that by using the IRS Standards to assist in the determination of the applicability of an expense, a debt which encumbers a vehicle must arise in the context of new and used car financing and limited to provide allowances for the *lease or purchase* of up to two automobiles.[13]  Therefore, these courts hold that because the means test only permits an *applicable* deduction and because the IRS Local Standards only permit a deduction for the *lease or purchase* of a vehicle, payments on a nonpurchase-money title loan are not an applicable monthly expense specified under the IRS Standards.[14] Therefore, while debtors may deduct the average monthly payment for a title loan on Line 33 as a secured debt payment, debtors cannot claim the vehicle ownership cost under the IRS Local Standards for a non-purchase money loan.[15]

The few cases which hold to the contrary, such as *Lopez* and *Brunck*, assert that the decisions are based on the plain meaning of the code.[16] However, this statutory construction is flawed because it skips a step required by the statute and the Supreme Court, determining whether the deduction is applicable.  The IRS Standards explain that the ownership costs provide maximum allowances only for the lease or purchase of up to two automobiles.  Therefore, a nonpurchase-money debt, like a title loan, is not an applicable expense.

Respectfully submitted,

By:      /s/ Ethan S. Cartwright
Ethan S. Cartwright, Staff Attorney
Bar No.  24068273
PAM BASSEL STANDING CHAPTER 13 TRUSTEE
Bar No. 01344800
860 Airport Freeway Suite 150
Hurst, Texas 76054
(817) 916-4710 Phone

---

[7] *Ransom v. FIA Card Servs., N.A.,* 562 U.S. 61, 131 S. Ct. 716 (2011).
[8] *Id*. at 70.
[9] *Id*. at 70-71.
[10] *Id*. at 67.
[11] *Id*. at 67.
[12] *Id*. at 73.
[13] *See e.g. Traylor*, 595 B.R. at 424-425 (citing *King* and IRS Collection Financial Standards).
[14] *Id.*
[15] *Id.*
[16] *Lopez,* 574 B.R. at 177.

TRUSTEE'S BRIEF IN OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on or before the date of filing.  Service was accomplished electronically on Debtor's attorney and all parties entitled to electronic notice and by first class mail on the Debtor(s) and the parties listed below, if any.

By:    /s/ Ethan S. Cartwright
Ethan S. Cartwright

STERON BROWN
2613 PARKHURST LN
VENUS, TX 76084

TRUSTEE'S BRIEF IN OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN